UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Cohen

    v.

Robert L. Quinn,
Commissioner, New Hampshire
Department of Safety

Civil No. 20-cv-916-JD
Opinion No. 2021 DNH 047

O R D E R

Michael Cohen brings claims under 42 U.S.C. § 1983 against
Robert L. Quinn, Commissioner of the New Hampshire Department of
Safety, that arose from a traffic stop for a suspended license.
Quinn moves to dismiss on the grounds that the claims against
him in his official capacity are barred by the Eleventh
Amendment and that Cohen's allegations fail to state a claim
against him in his individual capacity. Cohen does not dispute
sovereign immunity under the Eleventh Amendment but otherwise
objects, arguing that he has alleged sufficient claims against
Quinn in his individual capacity and that his claim for
declaratory and injunctive relief is not barred by the Eleventh
Amendment.

Background

The background facts are summarized from Cohen's first
amended complaint unless another source is stated.

On December 15, 2017, Cohen was stopped in Chocorua Village, New Hampshire, for exceeding the speed limit. He presented his Massachusetts driver's license, which listed his address in Jamaica Plain, Massachusetts. A citation was issued, showing the Jamaica Plain address, and Cohen was fined $248. Cohen signed the citation and alleges that he sent it with payment of the fine on December 20, 2017. His envelope included the Jamaica Plain return address. The envelope was stamped by the postal service on February 22, 2018, and was stamped by the New Hampshire Department of Safety on February 26, 2018.

The Department of Safety issued a Notice of Action to Cohen on February 14, 2018, but the notice was sent to Cohen at an address in Somerville, Massachusetts. The Department issued a second Notice of Action to Cohen on February 26, 2018, which was again sent to the Somerville address. The notice stated that Cohen was charged a fifty-dollar administrative fee and said that to avoid suspension of his operating privileges in New Hampshire payment of the fee had to be received by March 15, 2018. The notice was returned to the Department of Safety on March 21 or March 27, 2018, with the notation that Cohen did not live at the Somerville address. Cohen did not receive the notice sent to the Somerville address, and no notice was sent to Cohen at the Jamaica Plain address.

2

On August 3, 2019, just after midnight, Cohen was driving through Tamworth on his way to Fryeburg, Maine, to join his family.  He was stopped by police because of a non-functioning tail light.  When Cohen presented his license, the officer told him that his license had been suspended for non-payment of a traffic citation.  The officer also told Cohen that the notice of suspension was marked as returned by the post office.  The officer did not arrest Cohen but would not allow him to drive after the stop due to the suspended license.

Because he could not drive, Cohen was forced to stay the night at a hotel at a cost of $185.  He received a citation with a fine of $310.  He also alleges that he experienced emotional distress because of the stop.  Cohen sent e-mails on three occasions to the Office of the Commissioner at the Department of Safety in August and September of 2019 to inform the Commissioner of the circumstances surrounding the suspension of his license, but he received no response.  In July of 2020, counsel for the Department of Safety notified Cohen's counsel that the citation would be nolle prossed.

Cohen brought suit in August of 2020.  He alleges a claim under § 1983, Count I, that the current Commissioner of the Department of Safety, Robert L. Quinn, in his official and individual capacities, violated his procedural and substantive due process rights under the federal and state constitutions by

suspending his license without taking reasonable steps to notify him of the late fee and suspension.  In Count II, Cohen seeks "declaratory and injunctive relief to ensure that the policies and resources under the control of [Quinn] in his official and personal capacity [sic] . . . are not used to deny citizens their federal and state constitutional rights to drive in New Hampshire without due process."  Doc. no. 8, ¶ 52.

In his reply, Quinn states that he was appointed to the position of Commissioner of the Department of Safety in April of 2019.  Cohen does not dispute the date of Quinn's appointment.

<u>Discussion</u>

Quinn moves to dismiss Cohen's claim for damages against him in his official capacity as barred by the Eleventh Amendment.  He moves to dismiss the claims brought against him in his individual capacity on the grounds that Cohen has not alleged facts to show his personal involvement in the events that led to his arrest for driving with a suspended license and that Cohen has not alleged facts that show a due process violation.  Further, Quinn contends that in the absence of a due process violation, Cohen is not entitled to the declaratory and injunctive relief he seeks.

I.  <u>Subject Matter Jurisdiction - Eleventh Amendment</u>

Quinn moves to dismiss the official capacity damages claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Under Rule 12(b)(1), the court construes the allegations in the complaint liberally, treats all well-pleaded facts as true, and resolves inferences in the plaintiffs' favor.  Jalbert v. U.S. Securities & Exchange Comm'n, 945 F.3d 587, 590-91 (1st Cir. 2019).  In addition to the complaint, the court may consider other evidence submitted by the parties without objection.  Hajdusek v. United States, 895 F.3d 146, 148 (1st Cir. 2018).  The plaintiff, as the party invoking federal jurisdiction, bears the burden of showing that subject matter jurisdiction exists when challenged by a motion to dismiss on that ground.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Cohen appears to concede, as he must, that the Eleventh Amendment bars his claim for damages against Quinn in his official capacity because that is a claim against the state.  See Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  On the other hand, however, "a suit challenging the constitutionality of a state official's action is not one against the State." Pennhurst, 465 U.S. at 102.  For that reason, claims for prospective injunctive relief and declaratory judgment to stop an ongoing violation of federal law by a state

official may be brought against the state official, in his official capacity.  Va. Office for Protection & Advocacy v. Stewart, 563 U.S. 247, 255-56 (2011); Ex Parte Young, 209 U.S. 123, 156 (1908).

While federal courts are authorized to require state officials to conform to federal law, they are not authorized to require state officials to conform to state law.  Pennhurst, 465 U.S. at 106 & 121; Duart v. Mici, 2020 WL 2527849, at *2 (D. Mass. May 18, 2020).  In addition, § 1983 does not provide a cause of action to enforce state law.  Martinez v. Colon, 54 F.3d 980, 989 (1st Cir. 1995).  Therefore, the court lacks jurisdiction to consider the claims alleged in Counts I and II that Quinn violated the New Hampshire Constitution.

Count I is dismissed to the extent it is brought against Quinn in his official capacity.  Counts I and II are dismissed to the extent they are based on allegations that Quinn violated the New Hampshire Constitution.

II.  Merits of Claims

Quinn moves to dismiss the remaining claims on the ground that Cohen fails to allege a claim on which relief may be granted.  In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks whether the complaint contains factual allegations that are sufficient to

state a claim to relief that is plausible on its face.  Newton
Covenant Church v. Great Am. Ins. Co., 956 F.3d 32, 35 (1st Cir.
2020).  The court accepts all non-conclusory and non-speculative
facts as true and draws all reasonable inferences in the non-
moving party's favor.  Lyman v. Baker, 954 F.3d 351, 360 (1st
Cir. 2020).  The court, however, disregards conclusory
allegations that simply "parrot the relevant legal standard."
O'Brien v. Deutsche Bank Nat. Tr. Co., 948 F.3d 31, 35 (1st Cir.
2020).

Cohen alleges that Quinn violated his federal due process
rights by suspending his driver's license without notice.  He
alleges that because driving is a property right, he was
entitled to be given notice that was reasonably calculated to
apprise him of the late fee and the pending suspension before
his license was suspended.  He alleges that Quinn failed to
provide such notice.  Further, he alleges that Quinn failed to
provide due process when no subsequent notice was sent to his
Jamaica Plains address after the Department received the
returned notice and, therefore, knew he had not received it.


A.  Count I

Quinn contends that Cohen fails to state a due process
claim against him because the claims are brought against the
commissioner, which is a claim against the state, not against

7

him personally.  Quinn also contends that Cohen has not alleged
a procedural due process or substantive due process violation
because he received all of the process that he was due.  Cohen
disputes those challenges to the complaint, arguing that he
states an individual liability claim for supervisor liability
and sufficiently alleges due process violations.


1.  <u>Supervisor Liability</u>

Cohen argues that Quinn is liable under a theory of
supervisor liability based on his statutory duties and his
involvement in creating, applying, or interpreting a policy that
gave rise to unconstitutional conditions.  Quinn states that he
was not the commissioner during the time when Cohen was issued a
citation, notice was sent, and his license was suspended.  In
his surreply, Cohen focuses on Quinn's failure to respond to his
e-mails that were sent after he received the citation in August
of 2019.

Officials cannot be held liable under § 1983 for
constitutional violations committed by their subordinates
through a theory of respondeat superior.  Ashcroft v. Iqbal, 556
U.S. 662, 676 (2009).  Section 1983 claims are only cognizable
against "persons who have actually abused their positions of
authority, and hence only persons who were directly involved in
the wrongdoing may be held liable."  Cordero-Suarez v.

Rodriguez, 689 F.3d 77, 82 (1st Cir. 2012).  "A supervisory liability claim under section 1983 has two elements:  the plaintiff must plausibly allege that one of the supervisor's subordinates abridged the plaintiff's constitutional rights and then forge an affirmative link between the abridgement and some action or inaction on the supervisor's part."  Parker v. Landry, 935 F.3d 9, 14 (1st Cir. 2019); Morales v. Chadbourne, 793 F.3d 208, 221 (1st Cir. 2015) ("A supervisor may be held liable for the constitutional violations committed by his subordinates where an affirmative link between the behavior of a subordinate and the action or inaction of his supervisor exists such that the supervisor's conduct led inexorably to the constitutional violation.").  While a supervisor need not personally engage in the misconduct, "his own acts or omissions must work a constitutional violation" and his conduct must show deliberate indifference to the constitutional rights that were violated. Parker, 935 F.3d at 15.

Quinn was not the commissioner when Cohen received the initial traffic citation, when the Notices of Action were sent to the Somerville address and returned, or when Cohen's license was suspended.  Cohen includes no allegations that Quinn was involved in sending or even knew about the Notices of Action sent to the Somerville address or the decision to suspend his

license.  He alleges no connection of any kind between Quinn's actions or omissions and the suspension of his license.

Although Quinn was the commissioner in August of 2019 when Cohen was stopped and received the citation for driving with a suspended license, Cohen does not allege that Quinn knew Cohen's license was suspended or knew about the stop or the citation. Cohen alleges no facts to show that any actions or omissions by Quinn caused a due process violation or show deliberate indifference to Cohen's due process rights.

Instead, Cohen relies on Jackson v. Nixon, 747 F.3d 537 (8th Cir. 2014), to oppose the motion to dismiss.  In Jackson, the plaintiff, an inmate and an atheist, challenged the prison's requirement that he complete the Offenders Under Treatment Program.  He alleged that the prison required him to complete the Program to be given credit for an early release date and that the Program included religious components that violated his rights as an atheist.  Id. at 540.  The Eighth Circuit concluded that the Director of the Department of Corrections had sufficient personal involvement in the policy for early release and the Program to support § 1983 liability.  Id. at 544-45.  In contrast, the court concluded that the warden's general supervisory authority over the prison was insufficient to support liability under § 1983.  Id. at 545.

Cohen argues that Quinn, like the Director in <u>Jackson</u>, was authorized by New Hampshire law to adopt policies and rules for suspending driver's licenses.  He states that he was injured by Quinn's "broad implementation of a defective practice and policy of notice for payment of fines, assessment of late fees, and suspension of licenses."  Doc. no. 13-1, at *4.  Cohen does not point to a particular policy or rule, however, that caused notice to be sent to him at the wrong address or that caused the suspension of his license without notice.  Further, and more importantly, Quinn was not the commissioner when the events leading to suspension of Cohen's license occurred, and Cohen alleges nothing to show that Quinn participated in those events.

To avoid that result, Cohen argues in his surreply that because Quinn was the commissioner in August and September of 2019, when he sent e-mails to the Department, Quinn had "direct involvement" in his claims.  Cohen states that his e-mails to the Department were sent at the direction "of an agent from the Department of Safety whose first name is Darlene."  Doc. no. 15, ¶ 2.  Cohen also states that he "reached out to David Hilts, Esq., who is legal counsel for the Office of the Commissioner, in August and September 2019 with all the details of the complaint, asked for an explanation and correction of the lack of proper notice of his administrative fine and suspension and to work cooperatively with the Office of the Commissioner to

address its constitutionally deficient procedures." Id.  Cohen

further states that he was directed by a supervisor in the

Department, on behalf of Hilts, to file a claim with the New

Hampshire Board of Claims.  Cohen contends that the suggested

remedy was insufficient to compensate him for "the erroneous

deprivation of his driver's license." Id.  Cohen contends that

Quinn was obligated to "ameliorate any constitutional violation"

and that his failure to do so causes him to be liable.

In addition, Cohen's arguments do not show that Quinn had
As a preliminary issue, these matters are raised in Cohen's

surreply and are not alleged in the amended complaint.  Cohen

has not moved to amend his complaint to add allegations to

support his theory argued in the surreply.

In addition, Cohen's arguments do not show that Quinn had

any personal involvement in responding or not responding to his

e-mails.  He does not allege or argue that Quinn even knew about

the e-mails.  Further, he does not allege or argue what

constitutional violation Quinn caused by an insufficient

response to the e-mails or what amelioration of a constitutional

violation should have been provided.  As such, Cohen provides no

cohesive or persuasive theory as to what due process violation

occurred as a result of the response he received or did not

receive from the Department and/or Quinn.

In the absence of allegations to show that Quinn is liable for a deprivation of Cohen's due process rights, Count I is dismissed.

### 2.   Other Challenges

Because Count I is dismissed due to a lack of allegations to support the Quinn's liability, the court need not address the other grounds raised to dismiss the claim.

### B.   Count II

In Count II, Cohen seeks declaratory and injunctive relief "to ensure that the policies and resources under the control of [Quinn] . . . are not used to deny citizens their federal and state constitutional rights to drive in New Hampshire without due process."  Doc. no. 8, ¶ 52.  Quinn moves to dismiss Count II on the ground that Cohen did not allege a viable claim that his due process rights were violated.  In the absence of a cognizable claim that Quinn violated Cohen's due process rights, Cohen's claims for declaratory and injunctive relief, in Count II, also fail.

### Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 11) is granted.

13

All of the plaintiff's claims are dismissed as provided in this order.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

March 8, 2021

cc:  Counsel of record.

14