UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Cohen

    v.                            Civil No. 20-cv-916-JD
                                    Opinion No. 2021 DNH 087

Robert L. Quinn,
Commissioner, New Hampshire
Department of Safety

O R D E R

    Michael Cohen brought claims under 42 U.S.C. § 1983 against Robert L. Quinn, Commissioner of the New Hampshire Department of Safety, that arose from a traffic stop for a suspended license. The court granted Quinn's motion to dismiss on the grounds that the claims against him in his official capacity are barred by the Eleventh Amendment and that Cohen's allegations failed to state a claim against Quinn in his individual capacity. Judgment has been entered against Cohen, and the case is closed.

    Cohen now moves for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of the order dismissing his claims. He also moves for leave to file an amended complaint. Quinn objects to both motions.

I.    Motion for Reconsideration

    The purpose of Rule 59(e) "is to allow the court to correct or amend a judgment in the event of any manifest errors of law

or newly discovered evidence." Perrier-Bilbo v. United States, 954 F.3d 413, 435 (1st Cir. 2020). Reconsideration under Rule 59(e), however, is granted sparingly. Capron v. Office of Attorney General of Mass., 944 F.3d 9, 44 (1st Cir. 2019). A motion for reconsideration is not a means "to advance arguments [the party] should have developed prior to judgment, . . . nor is it a mechanism to regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortage, Inc., 772 F.3d 925, 930 (1st Cir. 2014).

Cohen contends that the court erred in granting Quinn's motion to dismiss by failing to properly consider his theory that Quinn is liable for Cohen's alleged constitutional injury based on Quinn's "overall responsibility for the policies and procedures" of the NHDOS. Doc. no. 18, at *2. Cohen again relies on Jackson v. Nixon, 747 F.3d 537 (8th Cir. 2014), to support his theory. Cohen argues that the court overlooked his claim that Quinn was liable "for the failure of the New Hampshire Department of Safety ("NH DOS") to have, at minimum, corrected, mitigated or ameliorated Mr. Cohen's constitutional harms by waiving his subsequent fees and license revocation, and terminating his court proceeding." Doc. no. 18, at *2. He also argues that he alleged sufficient facts to allow the court to

infer that Quinn was liable for misconduct in the way the suspension notices were processed.¹  Doc. no. 18, at *4.

In support of his motion, Cohen cites the general supervisory duties of the commissioner in overseeing the NHDOS. He states that "[t]hose duties make Mr. Quinn responsible for the failure of NH DOS to ameliorate the notice failure and 'work cooperatively to rectify the practices that caused [the constitutional] violations' when Mr. Cohen put NH DOS on notice in August 2019."  Id. at 3, quoting Jackson, 747 F.3d at 545. Cohen contends that the court failed to consider the analysis used in Jackson.

Contrary to Cohen's charge, the court considered the Jackson case and discussed it at length in the prior order. Doc. no. 16, at *10-*11.  The court in Jackson held that to support supervisory liability the plaintiff must allege that the supervisor was directly involved in the policy decision that caused a constitutional violation and that general supervisory duties are not enough.  747 F.3d at 545.  The court concluded

---

¹ As stated in the prior order, Quinn was not the commissioner when notices were sent to Cohen at the wrong address about the suspension of his license.  Cohen did not allege that Quinn was involved in any way in sending notices or in the suspension of Cohen's license.  Although he now has changed his focus to the NHDOS's actions after his license was suspended, he has not shown that Quinn is responsible for those matters either.

that the plaintiff alleged sufficient facts to support supervisory liability of the director in Jackson because the director was directly responsible, by statute, for implementing the religion-based program that the plaintiff challenged. 747 F.3d at 544-45. In contrast, the court found that the plaintiff alleged insufficient facts to support the liability of the warden because the warden had only general supervisory authority. Id. at 545. Further, as is stated in the prior order, Cohen did not allege facts to support the theory, based on Jackson, that he first asserted in his surreply and now asserts for purposes of reconsideration.[2]

---

[2] Cohen, who is represented by counsel, contends that his allegations are sufficient to state a claim based on the standard that was used before Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), held that to avoid dismissal allegations must state a claim to relief that is plausible. Given the change in the standard, his arguments are not persuasive.

He also argues that his allegations are sufficient because they permit the court to "'infer the mere possibility of misconduct.'" Doc. no. 18, at *3 (quoting Gascard v. Franklin Pierce Univ., 2015 WL 1097485, at *1 (D.N.H. Mar. 11, 2015)). That quote, however, is taken out of context and misstates the rule stated in Iqbal and Twombly, as quoted in Gascard. There, the court held that dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate "'when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" Gascard, 2015 WL 1097485, at *3 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). Therefore, if Cohen's allegations allow only an inference of the mere possibility of misconduct, as he represents, then he has not stated a plausible claim for relief, and dismissal is appropriate. Id.

4

Therefore, Cohen has provided no grounds to support reconsideration of the court's order granting Quinn's motion to dismiss.

II. Motion for Leave to Amend

Cohen has also filed a motion for leave to amend his complaint.[3] After Quinn's motion to dismiss was granted, judgment was entered against Cohen. Cohen's motion for reconsideration is denied. "[O]nce a judgment has been entered, the district court is without power to entertain any amendments unless the judgment is set aside." Capron v. Office of Attorney General of Mass., 944 F.3d 9, 44-45 (1st Cir. 2019).

In support of his motion to amend, Cohen states that he should be allowed to amend his complaint a second time in order to name other parties. He argues that "[t]here is no good procedural reason to require the Plaintiff to turn around and

---

[3] Cohen previously filed an amended complaint, which was the pleading addressed by Quinn's motion to dismiss. Cohen did not seek leave to amend in response to Quinn's motion. In his reply to Quinn's objection to his motion to amend, Cohen states that he asked for leave to amend in response to the motion to dismiss. He did not. In his objection, Cohen stated that he would request leave to amend if discovery suggested that another NHDOS official was responsible for the alleged constitutional violation. Doc. no. 13, ¶ 2. Post judgment, Cohen for the first time seeks leave to file a second amended complaint, which he contends is based on the "guidance" in the court's order granting the motion to dismiss.

file another Complaint against the properly identified parties when this action remains extant and can be revised to incorporate claims against the proper parties." Doc. no. 19, at *3. Quinn objects to amendment on the ground that it is not properly before the court because the case is closed.

Contrary to Cohen's belief, this action is not "extant". Instead, Cohen's claims were dismissed, and judgment has been entered against him. That judgment has not been vacated or set aside. In these circumstances, the court lacks authority to allow Cohen to amend.

Cohen's motion for leave to amend is denied.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 18) and his motion to amend (document no. 19) are denied.

The case remains closed.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 24, 2021

cc: Counsel of record.